In the Matter of the Application of ELEANORE CURRAN, Petitioner, for an Order against THE BOARD OF ESTIMATE OF THE CITY OF NEW YORK and Others, Respondents.*

Supreme Court, Special Term, New York County, October 13, 1939.

*Herman E. Cooper*, for the petitioner.

* Affd., 259 App. Div. 712.

*Eidlitz, French & Sullivan* [*Harry N. French* and *J. G. Fink* of counsel], for the respondent William Gehron.

*William C. Chanler, Corporation Counsel* [*Oren Clive Herwitz* of counsel], for the respondents other than William Gehron.

MILLER, J.   Section 683 of the present Charter of the City of New York originally provided that:

" It shall be the duty of the department [of public works] * * * " 4. To employ qualified architects in private practice for all architectural service in connection with structures or projects the cost of which shall exceed one hundred thousand dollars, and such service shall be performed under the supervision of the department."

Thereafter by chapter 922 of the Laws of 1937, subdivision 4 of section 683 of the Charter was amended to read as follows: " The department may employ qualified architects in private practice as consultants in connection with buildings, the cost of which shall exceed one hundred thousand dollars and such consulting or advisory service shall be performed under the supervision of the department."   The amendment was enacted pursuant to an emergency message from the Governor to the Legislature, sent at the request of Mayor LaGuardia, pursuant to article XII of the State Constitution, dealing with Home Rule (now State Const. art. IX).   The mayor's request stated that " This act [the proposed amendment] is clearly for the purpose of clarifying a provision of the new charter which was intended to be permissive and not mandatory as now worded."   In approving the bill after its passage by the Legislature the Governor pointed out that under section 683 in its original form " the Department of Public Works *must* in all cases employ architects in private practice, if the project shall exceed $100,000.00 " and that " this bill would remove the rigidity of the provisions and insert a flexible method."   Neither in the mayor's request nor in the memorandum written by the Governor in approving the bill was there any reference to any intention to do more than make permissive what was then mandatory.   The history of the amendment negatives any intent to modify the original provisions of section 683 by narrowing and limiting the type of services for which outside architects might validly be employed.

Even apart from the history of the Charter amendment, it is the court's opinion that in authorizing the employment of qualified architects " as consultants " to render " consulting or advisory services " the Legislature did not intend to differentiate between architectural services generally and consulting services in a technical and limited sense.   This conclusion is fortified by affidavits submitted by what petitioner admits is " an impressive array of archi-

tects " to the effect that the term " consultant " as related to architectural services does not connote any specific limitation of such consultant's services and to the further effect that the services of an architectural consultant are not merely limited to giving advice or suggestions, but may and often do extend to the preparation of complete plans and specifications and the superintendence and supervision of construction work. These affidavits state that the terms " architectural consultant " and " consulting architect " fix no limitation as to the extent of the services to be performed by the consultant but are used merely to describe situations where the expert and special ability of the consultant to deal with a particular situation is retained by an owner in connection with a particular project.

In the court's opinion subdivision 4 of section 683 of the Charter, in its amended form, was intended merely to authorize the employment of outside architectural advice and services, without limitation as to type or character. The present motion, which proceeds on the theory that the retention of the respondent Gehron to render general architectural services violates subdivision 4 of section 683 is accordingly denied.